UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, </br></br> Plaintiff, </br></br> v. </br></br> ENRIQUE F. VILLALBA, JR., and MONEY MARKET ALTERNATIVE, LP. </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) CASE NO. 1:10-cv-0647-DDD </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

CONSENT ORDER OF PERMANENT INJUNCTION AND FOR OTHER
EQUITABLE RELIEF AGAINST DEFENDANTS ENRIQUE F. VILLALBA
AND MONEY MARKET ALTERNATIVE, LP

### I. BACKGROUND

On March 29, 2010, the U.S. Commodity Futures Trading Commission (Plaintiff or CFTC) filed its Complaint for Permanent Injunction, Civil Monetary Penalties, and Other Equitable Relief (Complaint) in the above-captioned action against defendants Enrique F. Villalba, who is incorrectly identified in the caption as Enrique F. Villalba, Jr. (Villalba), and Money Market Alternative, LP

(collectively, Defendants), in which the CFTC seeks injunctive and other equitable relief for violations of the Commodity Exchange Act (the Act), 7 U.S.C. §§ 1 *et seq.* (2006), for conduct that occurred before June 18, 2008; and the Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 (CRA)), § 13102, 122 Stat. 1651 (enacted June 18, 2008), for conduct that occurred on or after June 18, 2008, to be codified at 7 U.S.C. §§ 1 *et seq.*

## II. CONSENTS AND AGREEMENTS

Solely to effect settlement of the matters alleged in the Complaint in this action without a trial on the merits or any further judicial proceedings, Defendants:

1. Consent to the entry of this Consent Order of Permanent Injunction and Other Equitable Relief (the Consent Order);

2. Affirm that they have read and agreed to this Consent Order voluntarily and that no threat or promise has been made by the CFTC or any member, officer, agent, or representative thereof, or by any other person, to induce consent to this Consent Order, other than as set forth specifically herein;

3. Acknowledge service of the Summons and Complaint;

4. Admit that this Court has jurisdiction over them and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006);

5.  Admit that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006);

6.  Waive:

   a.  The entry of findings of fact pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

   b.  Any requirements imposed under Rule 65(d)(1) of the Federal Rules of Civil Procedure regarding the contents of this Consent Order.

   c.  Any and all claims that they may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or Part 148 of the Regulations, 17 C.F.R. §§ 148.1, *et seq.* (2010), relating to, or arising from, this action;

   d.  Any and all claims that they may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No.104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to or arising from this action;

   e.  Any claim that they may possess of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

   f.  Any and all rights of appeal from this action;

7. Consent to the continued jurisdiction of this Court over them for the purpose of enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this action, even if Defendants now or in the future reside outside the jurisdiction;

8. Neither admit nor deny the allegations of the Complaint, the Findings, or the Conclusions of Law set forth in this Consent Order; except as to jurisdiction and venue, which they admit;

9. Agree and intend that all of the allegations of the Complaint, the Findings, and the Conclusions of Law made by this Court and contained in Part III of this Consent Order shall be taken as true and correct and be given preclusive effect, without further proof, in the course of: (1) any current or subsequent bankruptcy proceeding filed by, on behalf of, or against any Defendant; (2) a proceeding to enforce this Consent Order; and (3) any proceeding pursuant to Section 8a of the Act, 7 U.S.C. § 12a(1);

10. Shall provide immediate notice to this Court and the CFTC of any bankruptcy proceeding filed by, on behalf of, or against either of them, and shall provide immediate notice of any change of address, phone number, or contact information, via certified mail in the manner required by Section VI. paragraph 27 of this Consent Order;

11. Agree that neither they, nor any of their agents or employees under their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint, the Findings, or the Conclusions of Law in this Consent Order, or creating, or tending to create, the impression that the Complaint or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect Defendants' (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which the CFTC is not a party. Defendants shall take all necessary steps to ensure that all of their agents and employees under their authority or control understand and comply with this agreement;

12. Agree that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against them or any other person in any other proceeding.

### III. FINDINGS AND CONCLUSIONS

A. **Jurisdiction and Venue**

13. This Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), which provides that whenever it shall appear to the CFTC that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act; the Act, as

amended by the CRA; or the CFTC's Regulations, 17 C.F.R. §§ 1.1 *et seq.* (2010), the CFTC may bring an action in the proper district court of the United States against such person to enjoin such practice, or to enforce compliance with the Act; the Act, as amended by the CRA; and the Regulations.

15. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006), because a substantial portion of the acts and practices in violation of the Act; and the Act, as amended by the CRA, occurred and have occurred within the Northern District of Ohio.

**B.  Parties to the Consent Order**

15. Plaintiff **U.S. Commodity Futures Trading Commission** is an independent federal regulatory agency charged by Congress with administering and enforcing the Act, 7 U.S.C. §§ 1 *et seq.* (2006), as amended by the CRA, to be codified at 7 U.S.C. §§ 1 *et seq.*

16. Defendant **Enrique F. Villalba** at all times relevant to the allegations in the Complaint resided in Cuyahoga Falls, Ohio and was a self-described investment advisor. He received a bachelor of science from the U.S. Military Academy at West Point and a juris doctorate from Seattle University School of Law. He has never been registered with the CFTC in any capacity.

17. Defendant **Money Market Alternative, LP** is an Ohio Limited Partnership formed on February 23, 1998 and controlled by Villalba since its formation. It held a futures trading account in its name that traded investor funds. Money Market Alternative, LP has never been registered with the CFTC in any capacity.

C. **Conclusions of Law**

18. With respect to conduct occurring prior to June 18, 2008, Section 4b(a)(2)(i)-(iii) of the Act, 7 U.S.C. § 6b(a)(2)(i)-(iii) (2006), made it unlawful

> for any person, in or in connection with any order to make, or the making of any contract of sale of any commodity for future delivery, made or to be made, for or on behalf of any other person if such contract for future delivery is or may be used for (A) hedging any transaction in interstate commerce in such commodity, or the products or byproducts thereof, or (B) determining the price basis of any transaction in interstate commerce in such commodity, or (C) delivering any such commodity sold, shipped or received in interstate commerce for the fulfillment thereof –
>
> > (i) to cheat or defraud or attempt to cheat or defraud such other person;
> > (ii) willfully to make or caused to be made to such other person any false report or statement thereof, or willfully to enter or caused to be entered for such other person any false record thereof;
> > (iii) willfully to deceive or attempt to deceive such other person by any means whatsoever in regard to any such order or contract or the disposition or execution of any

such order or contract, or in regard to any act of agency performed with respect to such order or contract for such person.

19. With respect to conduct occurring on or after June 18, 2008, Section 4b(a)(1)(A)-(C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 6b(a)(1)(A)-(C), makes it unlawful

for any person, in or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person–(A) to cheat or defraud or attempt to cheat or defraud the other person; (B) willfully to make or cause to be made to the other person any false report or statement or willfully to enter or cause to be entered for the other person any false record; (C) willfully to deceive or attempt to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for … the other person.

20. Beginning in or about 1997 and continuing through in or about August 2009, Defendants, in connection with futures trading and purported futures trading: (1) misappropriated funds provided by investors; (2) solicited investments through fraudulent, material misrepresentations and omissions, including, among other things, material misrepresentations and omissions about Defendants' trading and purported trading on behalf of investors and prospective investors and the profits Defendants purportedly would and did earn trading on behalf of investors

8

and prospective investors; (3) made or caused to be made false reports or statements, both written and oral, to investors and prospective investors; and (4) made or caused to be made fabricated, written FCM statements to at least one investor, all in violation of Section 4b(a)(2)(i)-(iii) of the Act, 7 U.S.C. § 6b(a)(2)(i)-(iii) (2006), with respect to acts occurring before June 18, 2008, and in violation of Section 4b(a)(1)(A)-(C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 6b(a)(1)(A)-(C), with respect to acts occurring on or after June 18, 2008.

21. Defendants engaged in the acts and practices described above knowingly or with reckless disregard for the truth.

## IV. ORDER FOR PERMANENT INJUNCTION

IT IS NOW HEREBY ORDERED THAT:

22. Defendants are permanently restrained, enjoined, and prohibited from, directly or indirectly, in or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person:

    a. cheating or defrauding or attempting to cheat or defraud other persons;

  b. willfully making or causing to be made to such other person any false report or false statement or willfully entering or causing to be entered for others any false record; and/or

  c. willfully deceiving or attempting to deceive any other persons by any means whatsoever in regard to any such order or contract or the disposition or execution of any such order or contract, or in regard to any act of agency performed with respect to such order or contract for such persons,

in violation of Section 4b(a)(1)(A)-(C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 6b(a)(1)(A)-(C).

23. Defendants are permanently restrained, enjoined, and prohibited from engaging, directly or indirectly:

  a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29));

  b. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex

contracts"), for their own personal account or for any account in which they have a direct or indirect interest;

 c. having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on their behalf;

 d. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

 e. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

 f. applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010); and

 g. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2010)), agent or any other officer or employee of any person registered, exempted from registration or required to

11

be registered with the CFTC, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010).

24. The injunctive provisions of this Consent Order shall be binding upon Defendants, upon any person who acts in the capacity of officer, agent, servant, employee, or attorney, successor and/or assign of Defendants, and upon any person who receives actual notice of this Consent Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with Defendants.

## V. RESTITUTION

25. Defendants' violations of the Act, and the Act, as amended by the CRA, merit an award of significant restitution. On April 7, 2010, Villalba pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 before the U.S. District Court for the Northern District of Ohio, 1:10-cr-00133-JG. On September 8, 2010, a judgment in the criminal case was entered against Villalba. He was sentenced to a prison term of 105 months followed by three years of supervised release and ordered to make restitution in the amount of $30,445,141.91. Pursuant to the criminal judgment, Villalba must contribute twenty percent of his post-prison earnings toward restitution. Because the criminal court awarded restitution to the defrauded customers, for the misconduct at issue in

this civil action, the Court does not require additional restitution in this Consent Order.

## VI. MISCELLANEOUS PROVISIONS

IT IS FURTHER ORDERED THAT:

26. The equitable relief provisions of this Consent Order shall be binding upon Defendants and any person who is acting in the capacity of officer, agent, employee, servant, or attorney of either Defendant, and any person acting in active concert or participation with either Defendant who receives actual notice of this Consent Order by personal service or otherwise.

27. Notice: All notices required to be given by any provision in this Consent Order shall be sent certified mail, return receipt requested, as follows:

Notice to CFTC:

>Division of Enforcement
>U.S. Commodity Futures Trading Commission
>Two Emanuel Cleaver II Blvd., Suite 300
>Kansas City, MO 64112-1764

All such notices to the CFTC shall reference the name and docket number of this action. Notice to Defendants Enrique F. Villalba and Money Market Alternative, LP:

>James R. Douglass Co. LPA
>20521 Chagrin Blvd.
>Suite D

Shaker Heights, Ohio 44122

28. Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

29. Invalidation: If any provision of this Consent Order or if the application of any provisions or circumstances is held invalid, the remainder of the Consent Order and the application of the provisions to any other person or circumstance shall not be affected by the holding.

30. Waiver: The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

31. Authority: Enrique F. Villalba hereby warrants that he is the owner of Money Market Alternative, LP and that this Consent Order has been duly

authorized by Money Market Alternative, LP and he has been duly empowered to sign and submit it on behalf of Money Market Alternative, LP.

32. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this case to assure compliance with this Consent Order and for all other purposes related to this action, including any motion by Defendants to modify or for relief from the terms of this Consent Order.

33. Counterparts and Facsimile Execution: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and delivered (by facsimile or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this agreement that is delivered by facsimile or otherwise shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

SO ORDERED, this <u>2d</u> day of <u>June</u>, 2011, at Akron, Ohio.

*s/David D. Dowd, Jr.*
_____
DAVID D. DOWD, JR.
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF OHIO

*Enrique F. Villalba*
_____
Enrique F. Villalba
Defendant

Date: __March 31__, 2011

*Enrique F. Villalba*
_____
Money Market Alternative, LP
Defendant

By: Enrique F. Villalba

Date: __March 31__, 2011

*[signature]*
_____
James R. Douglass Co. LPA
20521 Chagrin Blvd.
Suite D
Shaker Heights, Ohio 44122

Attorney for Defendants Enrique F. Villalba and Money Market Alternative, LP

Date: __April 4__, 2011

*[signature]*
_____
Charles D. Marvine
Missouri Bar No. 44906
Margaret P. Aisenbrey
Missouri Bar No. 59560
U.S. Commodity Futures Trading Commission
Division of Enforcement
Two Emanuel Cleaver II Blvd.,
Suite 300
Kansas City, MO  64112
Tel.: (816) 960-7743 (Marvine)
Tel.: (816) 960-7749 (Aisenbrey)
Fax: (816) 960-7750
cmarvine@cftc.gov
maisenbrey@cftc.gov

Date: __May 19__, 2011

Attorneys for Plaintiff U.S. Commodity Futures Trading Commission

Enrique F. Villalba
Defendant

Date: [illegible]

Money Market Alternative, LP
Defendant

By: Enrique F. Villalba

Date: March 31, 2011

James C. Douglas Co., LPA
[illegible] Chagrin Blvd.
Suite [illegible]
Shaker Heights, Ohio 44122

Attorney for Defendants Enrique [illegible] Alternative, LP

Date: April [illegible], 2011

Charles D. Marvine
Missouri Bar No. [illegible]
Nathan P. Ausenbaugh
Missouri Bar No. [illegible]
U.S. Commodity Futures Trading Commission
Division of Enforcement
Two Emanuel Cleaver II Blvd.
Suite 300
Kansas City, MO 64112
Tel.: (816) 960-7743 (Marvine)
Tel.: (816) 960-7749 (Ausenbaugh)
Fax: (816) 960-7750
cmarvine@cftc.gov
nausenbaugh@cftc.gov

Date: ______________, 2011

Attorneys for Plaintiff U.S.
Commodity Futures Trading
Commission